# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

## CRIMINAL NO. 1:06CR238

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| VS. ) | **O R D E R** |
| ) | |
| CHRISTOPHER JEROME WIGGINS ) | |

**THIS MATTER** is before the Court on the Defendant's motion to dismiss the indictment; the Government has filed response opposing the motion.

## I. PROCEDURAL HISTORY

On August 9, 2006, the Defendant was indicted in a two count bill of indictment. **Bill of Indictment, filed August 9, 2006.** Count One charged the Defendant with violating the Assimilative Crimes Act, 18 U.S.C. § 13[1]

---

[1] That statute provides that the violation of a state law within federal territory is punishable in the same manner as provided for by state law where Congress has not made such offense a federal one. The indictment in this case alleged that the offense occurred on the Blue Ridge Parkway, which is within the special territorial jurisdiction of the United States.

and N.C. Gen. Stat. § 20-141.5. *Id.* In that Count, which charged operating a motor vehicle while fleeing and attempting to elude a law enforcement officer, the Government alleged the following aggravating factors which, if two or more are proved, will elevate the charge to a felony: (1) speeding in excess of 15 miles per hour over the legal speed limit; (2) driving recklessly, as defined by N.C. Gen. Stat. § 20-140;[2] (3) driving while the Defendant's license was revoked; and (4) negligent driving which led to an accident causing property damage in excess of $1,000. *Id.*

Count Two of the indictment charges the Defendant with violating the Assimilative Crimes Act and N.C. Gen. Stat. § 20-140(a), that is, reckless driving. This is a misdemeanor charge.

On April 27, 2007, the Defendant appeared for arraignment before the Magistrate Judge. At that time, he entered a plea of not guilty to Count One and a plea of guilty without benefit of a plea agreement to Count Two. **Transcript of Arraignment and Plea, filed May 10, 2007, at 4-5.** He also at that time stipulated to a factual basis for the guilty plea as to Count Two. *Id.* **at 7, 11.** After conducting a Rule 11 hearing, the Magistrate Judge

---

[2] That statute makes it illegal to drive any vehicle "carelessly and heedlessly in willful or wanton disregard of the rights or safety of others[.]" The language of the indictment tracks the state statute.

found that the Defendant's plea of guilty was knowing and voluntary and the Magistrate Judge accepted the plea. *Id.* The Defendant stipulated that the charge of reckless driving was supported by the following factual basis: (1) he was driving in excess of 15 miles per hour over the legal speed limit; (2) he was driving in such a manner as to endanger the public; and (3) there was an accident which resulted in property damage in excess of $1,000. *Id.* He did not stipulate that he was driving with a revoked license. The Government did not join in this stipulation and, in fact, objected to the Rule 11 hearing going forward at arraignment. *Id*. **at 6-8.**

On May 18, 2007, the Defendant moved to dismiss Count One of the indictment claiming double jeopardy attached because the aggravating factors for that count were admitted in the context of pleading guilty to Count Two. Defendant also claims that Count Two is a lesser included offense of Count One to which he has pled guilty and thus, he may not be prosecuted as to Count One. The Government has responded to the Defendant's motion to dismiss and opposes the relief sought.

## II.  DISCUSSION

Assuming *arguendo* that reckless driving is a lesser included offense of speeding to elude arrest, the Defendant's guilty plea has no impact on the charge in Count One.[3]  "While the Double Jeopardy Clause may protect a defendant against cumulative punishments for convictions of the same offense, the Clause does not prohibit the [Government] from prosecuting [Defendant] for such multiple offenses in a single prosecution." **Ohio v. Johnson, 467 U.S. 493, 500 (1984).**  The Government "is not prohibited by the Double Jeopardy Clause from charging [the Defendant] with greater and lesser included offenses and prosecuting those offenses in a single trial." *Id.*  Nor is the Government obligated to halt the remainder of its prosecution simply because the Defendant chose to plead guilty to one charge contained in a two-count indictment. *Id.* **at 501.** "When charges are pending, double jeopardy does not act as a bar to

---

[3] In fact, the Court is actually not obligated to accept this plea of guilty, which "in effect allow[ed] [the Defendant] to unilaterally arrange his own plea bargain." **United States v. Midgett, __ F.3d __, 2007 WL 1501347 \*\*7 (4th Cir. 2007).**  "'[I]n the absence of an agreement by the Government, the refusal to accept a plea to a lesser charge is not an abuse of discretion.'" *Id.* **(citing United States v. Canty, 422 F.2d 358, 359 (4th Cir. 1970)).**  It is noted that the Government objected to the guilty plea as well as to the Rule 11 hearing.

prosecution." **State v. Hamrick, 110 N.C. App. 60, 66, 428 S.E.2d 830, 834 (1993).** "Both the law and common sense dictate that a defendant cannot choose to plead responsible to the minor infraction and thereby evade prosecution for the more serious criminal offense." **Id. at 67, 428 S.E.2d at 834; accord, United States v. Lacy, 446 F.3d 448, 456 (3d Cir.), cert. denied, 127 S. Ct. 542 (2006) (the Double Jeopardy Clause does not bar continuing a prosecution on greater offenses in the same proceeding in which the defendant pleads guilty to the lesser included offense charge in a single indictment).**

Should the Defendant be convicted of Count One, the issue of how to treat the second charge becomes a sentencing matter. This situation is no different than the case which arises upon convictions of both bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d). **Midgett, supra, at \*11 ("The offense alleged in Count II [18 U.S.C. § 2113(a)] was thus a lesser included offense of that alleged in Count III [18 U.S.C. § 2113(d)]. Consequently, it was inconsistent with the Fifth Amendment's Double Jeopardy Clause for Midgett to be subject to separate *sentences* on those two counts." (internal citations omitted) (emphasis added)).** Should the Defendant be convicted of both counts, he will not be subject to

separate sentences provided the Defendant shows that reckless driving is, in fact, a lesser included offense of speeding to elude arrest.

The Defendant also argues that because he pled guilty to reckless driving, none of the evidence to which he stipulated may be used to prove the aggravating factors which would elevate the crime of speeding to elude arrest to a felony. In support of this position, he cites a North Carolina sentencing statute, N.C. Gen. Stat. § 15A-1340.16(d), which provides that "[e]vidence necessary to prove an element of the offense shall not be used to prove any factor in aggravation, and the same items of evidence shall not be used to prove more than one factor in aggravation." The Defendant's argument is as follows: because he pled guilty to reckless driving in Count Two and stipulated (1) that he was driving in excess of 15 miles per hour over the legal speed limit; (2) he was driving in such a manner as to endanger the public; and (3) there was an accident which resulted in property damage in excess of $1,000, evidence of these facts may not be used to prove the offense charged in Count One, speeding to elude arrest.

"The essential elements of felonious fleeing to elude arrest are: 1) operation of a motor vehicle (2) on a highway or public vehicular area (3)

while fleeing or attempting to elude a law enforcement officer who is lawfully performing his or her duties and (4) while two or more of the enumerated factors in N.C. Gen. Stat. § 20-141.5(b) are present." **State v. Wilson, 641 S.E.2d 416 (table), 2007 WL 656264, at \*2 (N.C. App. 2007).** The fact that the Defendant pled guilty to reckless driving in Count Two does not preclude the Government from proving that he drove with a revoked license and/or was speeding in excess of 15 miles per hour over the legal speed limit and/or was negligently driving leading to an accident causing property damage in excess of $1,000.[4] The North Carolina sentencing statute does not contain any such prohibition.

In fact, the "Defendant's argument characterizes the . . . aggravating factors set out in N.C. Gen. Stat. § 20-141.5(b) as a list of separately

---

[4] In fact, there is no prohibition in the statute against using the reckless driving aggravating factor in connection with Count One despite the Defendant's guilty plea to Count Two. However, because the Government has alleged "separate facts" to support the aggravating factors of speeding to elude arrest, it is unnecessary to address this issue. **See, e.g., State v. Beck, 359 N.C. 611, 616, 614 S.E.2d 274, 278 (2005) (phrase "single item of evidence" restricts the use of the same facts, not the same source of facts).** As long as there are separate facts to support each aggravator, the statute is not violated. **Id. (citing State v. Nicholson, 355 N.C. 1, 48-49, 558 S.E.2d 109, 141 (2002) (the shooting of a police officer proved two aggravators: a crime against an officer performing his duty and action taken to avoid arrest because the first focused on the action and the second on the subjective motivation)).**

chargeable, discrete criminal activities." **State v. Funchess, 141 N.C. App. 302, 307, 540 S.E.2d 435, 438 (2000).** However, the North Carolina Court of Appeals has held that these statutory factors "are merely alternative ways of proving the crime of felonious speeding to elude arrest." *Id.* Therefore, a separate charge of reckless driving does not preclude the Government from proving felonious speeding to elude arrest using other statutory factors.

> N.C. Gen. Stat. § 20-141.5 seeks to punish a single wrong: attempting to flee in a motor vehicle from a law enforcement officer in the lawful performance of his duties. Violation of the statute is at least a Class 1 misdemeanor. Where at least two of the eight aggravating factors set out in the statute are present, however, the offense is a Class H felony. Although many of the enumerated aggravating factors are in fact separate crimes under various provisions of our General Statutes, they are not separate offenses . . ., but are merely alternate ways of enhancing the punishment for speeding to elude arrest from a misdemeanor to a Class H felony.

***Id.* at 309, 540 S.E.2d at 439;** *accord,* **State v. Davis, 163 N.C. App. 587, 594 S.E.2d 57 (2004) (evidence showed the defendant drove at speeds well over the posted speed limit and swerved into opposing lane of traffic, two separate aggravators were proved: speeding in excess of 15 miles per hour over the speed limit and reckless driving).**

Finally, it must be noted that although the Defendant stipulated to facts to support his guilty plea to reckless driving, the Government did not join in that stipulation.

## III. ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's motion to dismiss is hereby **DENIED**.

Signed: June 12, 2007

Lacy H. Thornburg
United States District Judge