# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cr238

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| CHRISTOPHER JEROME WIGGINS, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned upon a violation report filed in the above entitled cause on June 27, 2007 by the United States Probation Office. In the violation report the United States Probation Office alleged that the defendant had violated terms and conditions of his pretrial release. At the call of this matter on for hearing it appeared that the defendant was present with his counsel, attorney Stephen P. Lindsay, and that the Government was present through Assistant United States Attorney, Corey Ellis, and from the evidence offered and the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted the allegations contained in the violation report that had been filed on June 27, 2007. The Government introduced, without objection, the violation report into evidence. The Government further introduced into evidence, without objection, a letter identified as Government's Exhibit "1" from Pamela Dillard Gardner of ARP-Phoenix dated July 5, 2007

to Eric Simpson, United States Probation Officer. ARP-Phoenix is a substance abuse treatment program.

The defendant was charged, in a bill of indictment filed on August 9, 2006 with one count of speeding to elude arrest and one count of careless and reckless driving. A hearing was held in regard to the detention of the defendant on April 19, 2007 which occurred shortly after the arrest of the defendant. On that date, the undersigned entered an order releasing the defendant on a $10,000.00 unsecured bond. The undersigned further set conditions of release which included the following:

(1)   That the defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(7)(m)   Refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.

(7)(s)   Have no contact with anyone involved in the unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct.

(7)(x)   If defendant tests positive for one drug test, he will be brought back before the court.

On May 21, 2007, the defendant submitted to an urinalysis drug test at which time the defendant tested positive for the use of marijuana. The defendant initially denied using marijuana, but then later recanted that statement and advised his United States Probation

Officer that he had used marijuana approximately two weeks previous to May 21, 2007.

After testing positive, the defendant sought out-patient treatment through ARP-Phoenix. He attended his first substance abuse treatment group on May 23, 2007 and a second group meeting on May 25, 2007 when the defendant became verbally intimidating and aggressive during his treatment session. The defendant later was allowed to attend further treatment sessions and he attended treatment sessions on June 4, 11, 27, 29 and July 4, 2007. The defendant was absent from treatment sessions scheduled for June 6, 8, 13, 18, 22, 25, and July 2, 2007. The defendant has not tested positive for use of a controlled substance since the positive test that occurred on May 21, 2007.

The United States Pretrial Services Report prepared by the United States Probation Office shows that the defendant has the following criminal record:

| Date Occurrence | Offense | Conviction Date |
|---|---|---|
| 3/4/95 | Assault on a female | 5/10/95 |
| 4/9/97 | Assault on a female | 8/1/97 |
| 2/20/98 | Worthless check | 3/10/98 |
| 6/12/98 | Larceny after breaking & entering | 11/20/98 |
| 7/27/98 | Harassing telephone calls | 10/5/98 |
| 10/3/04 | Impersonating a law enforcement officer and assault on a government official | 2/21/05 |
| 1/23/05 | Possession of up to ½ oz. of marijuana | 4/27/05 |
| 10/22/05 | Resisting an officer and criminal contempt | 1/4/07 |

The defendant is self-employed as the owner and operator of International Marble and Granite in Asheville, NC. The defendant has approximately 12 employees who work for the defendant. The defendant served in the United States Army from 1991 to 1994 and received an Honorable Discharge. The defendant is single and does not have any children.

The defendant's father, Roger Wiggins, testified on behalf of the defendant. Mr. Wiggins resides in Sylva, NC where he is employed as a private Certified Public Accountant. It was the defendant's father's opinion that many of the criminal problems of the defendant are related to the defendant's use of alcohol. Mr. Wiggins described his son as being extremely hard working and a person who has successfully operated his own business. In a discussion that the court had with the defendant's father, the court pointed out that the defendant's criminal record showed that the defendant had on his record, during the period from 1997 through 2007, five arrest involving the use of controlled substances and only one arrest involving the use of alcohol. The defendant's father again expressed his opinion that based upon knowledge and information possessed by the defendant's father that it was his opinion that the problems of the defendant related to alcohol.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer -----

> (1) finds that there is----
>    (A) probable cause to believe that the person has committed a
> Federal, State, or local crime while on release; or
>    (B) clear and convincing evidence that the person has violated any
>  other condition of release; and
> (2) finds that ---
>    (A) based on the factors set forth in section 3142(g) of this title, there
> is no condition or combination of conditions of release that will assure that the person
> will not flee or pose a danger to the safety of any other person or the community; or
>    (B) the person is unlikely to abide by any condition or combination
> of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a
> Federal, State, or local felony, a rebuttable presumption arises that no condition

or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds that there is probable cause to believe that the defendant committed a state crime while on release. The defendant possessed marijuana so that he could consume that substance. The consumption of marijuana and possession of a small amount of marijuana is not a felony. Due to the fact that there is not probable cause to believe that the defendant committed a state felony, a rebuttable presumption does not arise, pursuant to 18 U.S.C. § 3148, that no condition or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

There has further been shown by clear and convincing evidence that the defendant violated other conditions of release in that it has been shown by clear and convincing evidence that the defendant violated the term and condition that states that he shall refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a licensed medical practitioner. The defendant has clearly violated this condition by possessing marijuana which is a drug which is not prescribed by licensed medical practitioner.

There has been shown by clear and convincing evidence that the defendant violated the condition of release that requires that the defendant have no contact with anyone involved in unlawful use, possession or trafficking of drugs or involved in any other unlawful conduct. The defendant would have had to obtained the marijuana that he used from some other person. Obtaining marijuana in such a fashion would have violated the foregoing condition

of release.

There is clear and convincing evidence that the defendant has violated the condition of release that requires that if he has one positive drug screen that a violation report be filed. The defendant did have a positive drug screen and admitted to the use of marijuana during the period of time that he was placed on pretrial release.

Due to the findings made above and further considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that the defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions, that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

The undersigned further has determined that the defendant is in need of intensive substance abuse treatment, both in regard to controlled substances and in regard to the abuse of alcohol. Should the defendant be able to obtain entrance into a program of inpatient treatment of at least 28 days, if not 30 days, the cost of which would be paid from resources of the defendant or his family or friends, then this court will consider an order releasing the defendant to participate in that treatment program and upon successful completion of the treatment program, the undersigned will further consider a motion by the defendant to again

release him on terms and conditions of pretrial release.

**ORDER**

WHEREFORE, IT IS **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further proceedings in this matter. It is also **ORDERED** that should the defendant be able to obtain admittance into an inpatient treatment program of not less than 28 days, the cost of which is to be borne by the defendant, his family or friends, then this court will consider releasing the defendant from detention and to be taken by his father to participate in the treatment program and will further, upon successful completion of said treatment, again consider releasing the defendant on such terms and conditions of pretrial release as the undersigned finds would be in the best interest of justice. The defendant's father would be allowed, upon successful completion of the treatment program, to transport the defendant to the United States District Court in Asheville, NC for further proceedings in this matter.

Signed: July 11, 2007

Dennis L. Howell
United States Magistrate Judge