IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CRIMINAL NO. 1:06CR238

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | **O R D E R** |
| | ) | |
| | ) | |
| CHRISTOPHER JEROME WIGGINS | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's motion for credit towards active sentence; the Government opposes the relief sought. **Defendant's Motion for Credit Towards Active Sentence, filed February 8, 2008; Government's Response to Wiggins' Motion for Credit Toward Active Sentence, filed February 21, 2008.** For the reasons stated below, the motion is denied.

In August 2006, Defendant was involved in a traffic accident on the Blue Ridge Parkway. In connection with the accident, he was charged with speeding to elude arrest in violation of N.C. Gen. Stat. § 20-141.5 and reckless driving in violation of N.C. Gen. Stat. § 20-140(a). **Bill of**

**Indictment, filed August 9, 2007.** The indictment also cited the Assimilative Crimes Act, which provides in pertinent part:

> Whoever . . . upon [the special territorial jurisdiction of the United States] is guilty of any act . . . which, although not made punishable by any enactment of Congress, would be punishable if committed . . . within the jurisdiction of the State . . . in which such place is situated, by the laws thereof in force at the time of such act . . . shall be guilty of a like offense and subject to a like punishment.

**18 U.S.C. § 13(a).** The Blue Ridge Parkway is within the special territorial jurisdiction of the United States. *See* **18 U.S.C. § 7(3) (defining the "special . . . territorial jurisdiction of the United States" as including "[a]ny lands reserved or acquired for the use of the United States, and under the exclusive or concurrent jurisdiction thereof");** *United States v. Lavender*, **602 F.2d 639, 641 (1979) (noting that it is appropriate to take judicial notice that the Blue Ridge Parkway is within the special territorial jurisdiction of the United States, especially when the evidence indicates that illegality took place on the Parkway).**

Following his arrest in April 2007, Defendant was released on a $10,000 unsecured bond with the conditions that (1) he "shall not commit any offense in violation of federal, state or local law while on release in this case"; (2) he "refrain from use or unlawful possession of a narcotic drug or

other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner"; and (3) he was to "have no contact with anyone involved in the unlawful use, possession, or trafficking of drugs or involved in any other unlawful conduct." **Order Setting Conditions of Release, filed April 19, 2007, ¶¶ 1, 7(m), 7(s)**. Defendant was also required to submit to random drug testing. *Id.* **¶¶ 7(n), 7(x).** In May 2007, while he was awaiting trial, Defendant tested positive for marijuana. **Violation Report, filed June 27, 2007, at 1.** Accordingly, he was summoned to appear for a bond revocation hearing on July 9, 2007.

In the interim before this hearing, Defendant entered into a plea agreement with the Government wherein he agreed to plead guilty to speeding to elude arrest.[1] **Plea Agreement, filed July 2, 2007, at 1.** Following the Rule 11 proceeding, the Magistrate Judge revoked Defendant's bond after considering the evidence pertaining to the positive drug test and Defendant's prior criminal record. **Order, filed July 11, 2007, at 6.**

---

[1] In a proceeding on April 27, 2007, Defendant had already pled guilty to reckless driving.

The Magistrate Judge also determined that Defendant was "in need of intensive substance abuse treatment, both in regard to controlled substances and in regard to the abuse of alcohol." *Id.* Consequently, the Magistrate Judge ruled:

> Should the defendant be able to obtain entrance into a program of inpatient treatment of at least 28 days, if not 30 days, the cost of which would be paid from resources of the defendant or his family or friends, then this court will consider an order releasing the defendant to participate in that treatment program and upon successful completion of the treatment program, the undersigned will further consider a motion by the defendant to again release him on terms and conditions of pretrial release.

*Id.* **at 6-7.** Thereafter, Defendant filed a motion stating he had been accepted into a 28-day inpatient drug treatment program at the Life Center of Galax, located in Virginia. **Motion to Modify Conditions of Bond, filed July 11, 2007, at 1.** The Magistrate Judge granted Defendant's motion and entered an order providing that:

> The defendant is release[d] to the custody of his father, Roger Wiggins, for the purpose of taking the defendant directly and without detour to the Life Center of Galax in Galax, Virginia, which is a drug/alcohol treatment center. The defendant is to participate in the treatment program not less than 28 day duration and at own expense. Upon [successful] completion of said treatment program, the defendant is to be returned by his father, Roger Wiggins, to the U.S. Probation Officer for further proceedings. If the defendant does not successfully complete said treatment program, the defendant is to be returned

immediately to the U.S. Probation Office for further proceedings.

**Order Setting Conditions of Release, filed July 12, 2007, ¶ 7(y).** Defendant was ordered released on a $25,000 unsecured bond. *Id.* ¶ 5; **Appearance Bond, filed July 12, 2007, at 1.**

After Defendant successfully completed his drug treatment program, he appeared before the Magistrate Judge on August 9, 2007. The Magistrate Judge released Defendant, pending sentencing, on a new $25,000 unsecured bond that included home detention with electronic monitoring and with the additional condition that Defendant to submit to random drug testing. **Order Setting Conditions of Release, filed August 9, 2007, ¶¶ 5,7(n), 7(q); Appearance Bond, filed August 9, 2007, at 1.**

No further bond violations were reported before Defendant's sentencing on September 24, 2007. Defendant received an active sentence of eight months, to be followed by one year of supervised release. **Judgment in a Criminal Case, filed October 2, 2007, at 2, 3.**

In the instant motion, Defendant requests that he receive 28 days of credit on his eight month sentence, based on his time at the inpatient Life Center of Galax program. He argues that, because the charges in the indictment were sought through the Assimilated Crimes Act, and because

his substantive charges were based on North Carolina law, his sentence must, therefore, fall within the minimum and maximum terms established by North Carolina sentencing practices. He contends that North Carolina law, specifically N.C. Gen. Stat. § 15-196.1, guarantees him a credit for time spent in a court-ordered drug treatment program.

It is well-settled in the Fourth Circuit that "a claim for credit against a sentence attacks the computation and execution of the sentence rather than the sentence itself." **United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989).** Therefore, judicial review of a motion such as Defendant's "must be sought under 28 U.S.C. § 2241 [the habeas corpus statute] in the district of confinement rather than in the sentencing court." *Id.* Other circuit courts have reached the same conclusion. **See, e.g., United States v. Brown, 753 F.2d 455, 456 (5th Cir. 1985) (explaining that claims for presentence credit are attacks "on the extent to which [the] sentence has been executed," and therefore they must be addressed as habeas corpus petitions under 28 U.S.C. § 2241); United States v. Giddings, 740 F.2d 770, 771 (9th Cir. 1984) (dismissing prisoner's claim for credit against his sentence for time spent in custody prior to sentencing because his claim addressed the execution of his sentence, rather**

than the sentence itself); *Sokya v. Alldredge*, 481 F. 2d 303, 304 (3d Cir. 1973) (explaining that any credits awarded for time spent in custody prior to sentencing "would apply against the sentence *as imposed* – they cannot be implemented by tampering with or correcting the sentence itself. The case at bar is thus akin to the primary historic use of the writ of habeas corpus . . . for [defendant's] attack is upon the legality of his future detention based on the claim that respondent threatens to hold him beyond the expiration date of his sentence." (internal citation omitted)). In this case, therefore, as Defendant is not confined within the Western District of North Carolina, the undersigned is without jurisdiction to rule on his "motion for credit toward active sentence."

**IT IS, THEREFORE, ORDERED** that Defendant's motion for credit against his sentence is hereby **DENIED** without prejudice to renewal in the proper forum.

Signed: March 4, 2008

Lacy H. Thornburg
United States District Judge